UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANDREW S. HEYMAN and
GEULA HEYMAN,

       Plaintiffs,

v.

CITIMORTGAGE, INC.,

       Defendant.

Civ. No. 14-1680
(KM)(MAH)

OPINION

### KEVIN MCNULTY, U.S.D.J.:

      Two homeowners, Andrew and Geula Heyman (the "Heymans"), have brought this action against their mortgage lender, Citimortgage, Inc. ("Citi"). The Heymans asked Citi to modify the terms of their loan pursuant to a federal program called the Home Affordable Mortgage Program ("HAMP"). To be approved for a loan modification, the couple made four "trial payments" to the bank to demonstrate their ability to follow the proposed modified terms. Citi accepted those payments and modified the loan. The Heymans complain that the modified loan did not comply with HAMP and was not affordable. They also complain that one of the trial payments was not "count[ed]" toward their "payment history." Complaint, ECF No. 1 ("Compl.") ¶ 43.

      Citi has filed a motion to dismiss under Rules 12(b)(6), Fed. R. Civ. P., arguing that the Complaint fails to state a claim that meets the pleading standards of Rules 8(a) and 9(b). *See* Brief in Support of Defendant Citimortgage, Inc.'s Motion to Dismiss, ECF No. 6-1 ("Mot."). One can imagine valid claims arising from the situation the Heymans have posited in their Complaint. The allegations of this Complaint, however, are too vague and conclusory to put the defendant on notice as to the precise claim that the

1

plaintiffs are alleging. The motion to dismiss will be granted without prejudice to the filing of a properly pleaded amended complaint.

## I. BACKGROUND

The plaintiffs, Andrew and Geula Heyman, obtained a mortgage loan from Citi to purchase their home. Compl. ¶¶ 5-6. In November of 2012, the Heymans asked Citi to modify the terms of the loan. *Id.* ¶ 9 The Heymans allege that they were eligible to have their loan modified under a federal program called the Home Affordable Modification Plan. *Id.* ¶ 11. HAMP is a federal program administered by the Department of the Treasury and the Department of Housing and Urban Development. It is designed to help distressed homeowners avoid foreclosure. *Sinclair v. Citi Mortgage, Inc.*, 519 F. App'x 737, 738 (3d Cir. 2013); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 554 (7th Cir. 2012). Under HAMP, participating lenders are required to modify the terms of loans for borrowers that meet certain criteria. *Wigod*, 673 F.3d at 556-57. If they do, the loan servicer will calculate new terms and draft a modified loan agreement. *Id.* at 557. The borrower and servicer then enter into a "trial period" of three months or more. *Id.* During that period, the borrower makes payments in accordance with the proposed loan modification. *Id.* If the borrower meets all of its obligations during the trial period, the proposed loan modification becomes effective. *Id.*

According to the Heymans, in May of 2013, "Citi approved Plaintiffs for trial payments" under HAMP. Compl. ¶ 19. The Heymans report that they made a total of four payments. *Id.* ¶¶ 20, 25, 27. Citi deemed one payment to be "too early" to be counted as a trial period payment. *Id.* ¶¶ 23-24. The other three payments were counted as trial period payments. Citi then "offered a permanent modification to Plaintiffs." *Id.* ¶ 27.

### A. The Complaint

The Complaint contains two counts. Count One alleges that Citi engaged in wrongful collection practices. Compl., ¶ 39-44. No specific debt collection

law is cited. However, the Heymans appear to be alleging that Citi committed wrongful collection practices in two ways: (1) by failing to count one of the Heymans' payments toward their "payment history,"[1] *id.* ¶ 43; and (2) by offering and accepting payments under a modification plan that did not comply with HAMP and "did not help plaintiffs." *Id.* ¶¶ 41, 42.

Count Two alleges that Citi's conduct constitutes fraud. *Id.* ¶¶ 45-49. Count Two does not cite any statute; the Heymans may have intended to allege common law fraud. (Citi assumed as much in its motion to dismiss, and the Heymans' papers have not stated otherwise.). *See* Mot., 6; Plaintiff's Brief in Response to Defendant's Motion to Dismiss, ECF No. 8 ("Opp."), 4-7. The Heymans appear to argue that Citi induced the Heymans to make payments under a modification plan that Citi knew plaintiffs could not afford, and that did not comply with HAMP. Citi also induced the Heymans to make one payment of $3,438.76, then failed to "count" the payment towards the Heymans' "payment history. *Id.* ¶ 43. In doing so, the Heymans allege, Citi committed fraud. *Id.* ¶¶ 45-49.

The Complaint also makes a number of stray allegations, including "wrongful indebtedness, wrongful collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights and remedies." *Id.* ¶ 1. These are not alleged as separate counts, and there is no further elaboration.

### B. Citi's Motion to Dismiss

Citi has moved to dismiss the Heyman's complaint as to both counts with prejudice. With respect to Count One (wrongful collection practice), Citi suggests that the plaintiffs' complaint could be attempting to state a claim under either of two statutes: HAMP, or the Federal Debt Collection Practices Act. Mot., 4. The Complaint, Citi argues, fails to state a claim under either statute. With respect to Count Two (fraud), Citi argues that the complaint does not meet the pleading requirements of FED. R. CIV. P. 9(b). That rule requires a

---

[1] This appears to refer to the first of four payments, referred to above, which Citi allegedly deemed to be "too early" to count toward the trial period. Compl. ¶¶ 23-24.

plaintiff to state "with particularity the circumstances constituting fraud or mistake." Citi argues that the Heyman's allegations are too general to satisfy this standard.

## II. DISCUSSION

A. <u>The Heymans have not properly stated a claim for wrongful collection.</u>

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The United States Court of Appeals for the Third Circuit has provided a three-step process for analyzing a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See* [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

Here, the Heymans have not alleged sufficient facts to raise a plausible claim of wrongful collection. The Heymans' complaint does not explain what debt collection or mortgage collection law they allege Citi violated, Compl. ¶¶ 39-44. Three possible sources are HAMP itself, the New Jersey Fair Debt Collection Practices Act ("New Jersey FDCPA"), and the federal Fair Debt

4

Collection Practices Act ("federal FDCPA"). The Heymans have not stated a claim under any of these laws.[2]

The Heymans concede that HAMP does not provide for a private cause of action. Opp., 6. Thus, the complaint does not properly raise any claim under HAMP.

The New Jersey FDCPA, N.J. STAT. § 45:18-1 *et seq*, applies only to "collection agenc[ies]." *See* N.J. STAT § 45:18-1. The Heymans do not state any facts showing that Citi is a "collection agency." If anything, it appears from the Complaint that Citi would be considered a "bank," an entity explicitly excluded from the Act's coverage. *See* N.J. STAT 45:18-6 (explaining that the Act "does not apply to... a national bank, or any bank or trust company duly incorporated under the laws of this state."). Thus the State FDCPA does not provide recourse to the Heymans.

The federal FDCPA does not provide recourse either. The federal FDCPA covers only "debt collectors"; it does not cover what we might generally call "creditors." The distinction is that a "debt collector" attempts to recover an amount owed to a third party, whereas a creditor attempts to recover money owed to itself. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("The FDCPA's provisions generally apply only to 'debt collectors.' Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA," (internal citations omitted)); 15 U.S.C. § 1692a(6)(A) (explaining that the term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor); 15 U.S.C. § 1692a(6)(F)(ii); *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998).

Courts in this and other districts have therefore held that a complaint asserting a violation of the federal FDCPA must allege facts showing that the

---

[2]   The Complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, but not its federal question jurisdiction under 28 U.S.C. § 1331. Compl. ¶ 4. It is possible that Plaintiffs intend to assert only state-law claims. Any amended complaint should state specifically the basis for federal jurisdiction.

defendant is a "debt collector." *See Astarita v. Solomon & Solomon, PC,* 12-5670, 2013 WL 1694807 at *2 (D.N.J. Apr. 18, 2013) ("[T]o state a claim under the FDCPA, a plaintiff must plead sufficient facts showing that...the defendant collecting the debt is a debt collector."); *Grant v. JPMorgan Chase Bank,* 12-06248, 2013 WL 1558773 at *2 (D.N.J. Apr. 10, 2013); *Berk v. J.P. Morgan Chase Bank, N.A.,* No. 11-2715, 2011 WL 4467746 at *3 (E.D. Pa. Sept. 26, 2011); *Allen v. United Fin. Mortgage Corp.,* 660 F. Supp. 2d 1089, 1098 (N.D. Cal. 2009). I agree. Because the defendant's status as a "debt collector" is a threshold requirement, it is only natural that, to state an FDCPA claim, a complaint must plead facts sufficient to show that the defendant is a debt collector under the Act.

The Heymans' complaint—even on the generous assumption that an FDCPA claim is intended— fails in this regard. It does not allege that Citi is a debt collector, and indeed it strongly implies that Citi is not. Citi, which issued the mortgage to the Heymans, is a creditor acting on its own behalf. Compl., ¶ 7. Thus, Count One does not properly state a claim for relief under the federal FDCPA.

Count One is not specific about what cause of action is intended. I have hypothesized three possible candidates, but found the allegations wanting. Count One will therefore be dismissed, but without prejudice to the filing of an amended complaint that properly identifies the intended cause of action and alleges specific facts in support.

B. <u>Count Two does not adequately allege a claim of fraud.</u>

In addition to meeting the usual requirements of Rule 8(a), a complaint alleging fraud must satisfy the heightened pleading requirements of FED. R. CIV. P. 9(b). A fraud complaint must "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* That heightened Rule 9(b) pleading standard requires the plaintiff to "state the circumstances of

6

the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotation and citation omitted). At a minimum, Rule 9(b) requires that plaintiffs provide one of two things: either 1) "all of the essential factual background that would accompany 'the first paragraph of any newspaper story' - that is, the 'who, what, when, where and how' of the events at issue," *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)); or 2) some "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786, 791 (3d Cir. 1984). The purpose of Rule 9(b) is to "provide notice of the precise misconduct with which defendants are charged and to prevent false or unsubstantiated charges." *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998). It is in the nature of some frauds, however, that their details may remain concealed even at the time the complaint is filed. Courts should therefore "apply the rule with some flexibility and should not require plaintiffs to plead issues that may have been concealed by the defendants." *Id.* (internal citations omitted).

The Heymans have not specified whether their fraud claim arises from common law or from some statute. The Complaint, in any event, is not sufficiently specific to state a claim under either.

*1. Common Law Fraud*

To state a claim for common law fraud in New Jersey, a plaintiff must allege five elements: "(1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Frederico*, 507 F.3d at 200 (internal citations and quotations

7

omitted). The Heymans have failed to allege facts suggesting that they might be able to satisfy several of these elements.

For instance, the Heymans have not alleged the fundamental elements that Citi made a material misrepresentation of fact and knew it to be false. Failure to identify a false statement is fatal to a complaint alleging fraud. *See Frederico*, 507 F.3d at 201 (dismissing because the plaintiff "fail[ed] to allege that any particular statement made by Defendant in the Agreement was in fact false,"). Likewise, failure to allege that the defendant knew or believed that the misrepresentation was false is fatal to a complaint. *Suprema Specialties*, 438 F.3d at 282 (dismissing a complaint under Rule 9(b) for failing to allege that the defendant had knowledge of the falsity of the misrepresentation in question).

The two statements in the complaint that perhaps come closest to satisfying the first two elements of fraud are (1) ¶ 49, which alleges that "Defendant has acted in bad faith," and (2) ¶ 46, which alleges that "Defendant knew or should have known that it was providing a modification that Plaintiffs could not afford." A generalized allegation of "bad faith" is far too conclusory even to meet the requirements of Rule 8(a), let alone Rule 9(b). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.") (internal quotations omitted). The statement that Citi knew it was providing a loan modification that the Heymans could not afford does not establish that a knowing misrepresentation was made (and is also largely unsupported by any "who, what, when, and where" allegations). The complaint does not allege, for example, that anyone at Citi stated to the Heymans that they could afford the loan modification program. Nor does it allege that Citi knew that the Heymans could not afford the modified loan program when it made such (unspecified) representations.[3] *See Suprema Specialties*, 438 F.3d at

---

[3] The Heymans have attached to their opposition brief certain correspondence with Citi. In assessing the sufficiency of a complaint, however, the Court may only consider such documents if they are attached to or relied on in the Complaint. The

282 ("A pleading of scienter sufficient to satisfy Rule 9(b) may not rest on a bare inference that a defendant 'must have had knowledge of the facts' or 'must have known' of the fraud given his or her position in the company.") (internal quotations omitted). Similarly, the complaint alleges that the modified loan did not comply with HAMP, but it does not allege *fraud: i.e.,* that Citi represented that it did comply with HAMP, but contemporaneously knew that it did not.

A complaint alleging common law fraud must identify the speaker of the allegedly false statement.[4] "FED. R. CIV. P. 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements." *Klein v. General Nutrition Co., Inc.,* 186 F.3d 338, 345 (3d Cir.1999); *F.D.I.C. v. Bathgate,* 27 F.3d 850, 876 (3d Cir. 1994). Assuming *arguendo* that a misrepresentation was made, the Heymans have failed to identify the person who made it.

Having failed to allege that Citi knowingly misrepresented a material fact, it is not surprising that the complaint also fails to allege the next two elements of a fraud claim: that Citi intended for the Heymans to rely on its misrepresentation, and that the Heymans did so.

Rule 9(b) requires that a complaint do more than convey the general impression that a fraud may have occurred. It requires that "the circumstances surrounding the fraud be stated with particularity." The Heymans' complaint fails the test of Rule 9(b), and the less stringent test of Rule 8(a) as well.

---

Court does not consider after-the-fact allegations or exhibits in determining the sufficiency of her complaint under Rules 9(b) and 12(b)(6). *See Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations omitted). Of course, the facts therein may be relied upon in formulating an amended complaint.

[4]   If the plaintiff cannot be expected to have personal knowledge of certain details of the alleged fraud, including the identity of the person who made the false statement, the plaintiff must allege that the necessary information lies within the defendant's exclusive control, and provide some facts to establish the basis for that allegation. *Frederico,* 507 F.3d at 201 n. 11. The Heymans have made no such allegation here.

### 2. *Fraud under the New Jersey Consumer Fraud Act*

New Jersey has a statute prohibiting fraud by businesses dealing with consumers: the New Jersey Consumer Fraud Act ("CFA"), N.J. STAT. § 56:8-1 *et seq*. New Jersey's Consumer Fraud Act is "remedial legislation which should be construed liberally." *Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1079 n. 1 (N.J. 2007). The Complaint does not say so, but it is possible that Count Two was intended to invoke the CFA. That statute can apply to the collection and enforcement of a loan. *Gonzalez v. Wilshire Credit Corp.*, 25 A.3d 1103, 1116 (N.J. 2011) (quoting N.J. Stat. § 56:8-2) ("[C]ollecting or enforcing a loan, whether by the lender or its assignee, constitutes....an activity falling within the coverage of the CFA.").

"[T]o state a CFA claim, a plaintiff must allege three elements: (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *Int'l Union*, 929 A.2d at 1086 (internal citations and quotations omitted).

The first of these elements, unlawful conduct, can occur in three alternative forms: knowing omissions, affirmative acts, or violations of regulations filed under the Act. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). The third alternative is disposed of easily; the Complaint does not allege that Citi violated any regulation filed under the Act.

The Complaint likewise fails to allege the first alternative, a knowing omission. To establish an act of omission under the NJCFA, "plaintiff must show that defendant (1) knowingly concealed (2) a material fact (3) with the intention that plaintiff rely upon the concealment." *Harnish v. Widener Univ. Sch. of Law*, 931 F. Supp. 2d 641, 652 (D.N.J. 2013) (citing *Judge v. Blackfin Yacht Corp.*, 815 A.2d 537 (N.J. Super. Ct. App. Div. 2003)). Citi allegedly "knew or should have known it was providing a modification that Plaintiffs could not afford." *Id.* ¶ 46. But the Complaint does not allege, plausibly or otherwise, that Citi concealed from the Heymans that they could not afford the

payments, or that Citi intended that the Heymans rely upon that concealed fact.

That leaves the second alternative, an affirmative act. To be actionable under the CFA, such an act must be "misleading and stand outside the norm of reasonable business practice in that it will victimize the average consumer." *New Jersey Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 13 (App. Div. 2003). Here, too, however, the Complaint fails to allege that Citi affirmatively (mis)represented to the Heymans, by word or deed, that they would be able to afford the modified loan plan or that it would comply with HAMP. Thus there is no affirmative act at all, let alone one that lies outside the bounds of reasonable business practice.

The Heymans' allegation that "Citi also took a payment of $3,438.76 made as a trial payment and did not count it towards Plaintiffs' payment history," *id.* ¶ 43, might be intended as an affirmative act or misrepresentation. But the meaning is too unclear to support an actionable allegation of fraud. Did Citi fail to credit the Heymans' account balance at all? Did it merely fail to classify the payment as a "trial payment" under the HAMP program? And if the latter, does it matter, given that Citi did in fact grant the loan modification? The Complaint is simply too vague. Defendant is not on notice as to the "precise conduct" encompassed by "counted" and "payment history," and it is impossible to tell in what respect the Heymans were allegedly defrauded by that conduct.

In short, the "fraud" count fails to specify a particular cause of action, and neither of two likely possibilities, common law fraud or a CFA claim, is adequately alleged. Count Two will be dismissed.

C. <u>Dismissal with or without prejudice</u>

Citi has argued that the Court should dismiss the Heymans' complaint with prejudice. Amendments are freely granted under Federal Rule of Civil Procedure 15(a)(2), to ensure that plaintiffs' contentions are tested on the

merits. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, an initial dismissal based on Rule 12(b)(6), applying the standards of Rules 8(a) and 9(b), will ordinarily be ordered without prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (where a complaint is dismissed on Rule 12(b)(6) grounds "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) ("[N]ormally, leave to amend is granted when a complaint is dismissed on Rule 9(b) failure to plead with particularity grounds.") (internal quotations omitted); 5A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 1300 (3d ed.). This Complaint's lack of specificity may mask the absence of any valid claim, or it may not. But the Heymans will be given the chance to amend it.

### III. CONCLUSION

For the foregoing reasons, Citi's motion to dismiss the complaint is GRANTED. The Heymans' complaint will be DISMISSED without prejudice to the submission of an amended complaint that remedies the deficiencies identified herein. An appropriate order is filed separately.

Dated: September 15, 2014
Newark, New Jersey

**HON. KEVIN MCNULTY**
**United States District Judge**