**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ABRAHAM S. HEYMAN and GEULA HEYMAN,** | Civ. No. 14-1680 (KM) |
| **Plaintiffs,** | |
| **v.** | **OPINION** |
| **CITIMORTGAGE, INC.,** | |
| **Defendant.** | |

**KEVIN MCNULTY, U.S.D.J.:**

Now before the Court is the motion of the defendant, CitiMortgage, Inc. ("Citi"), to dismiss the amended complaint of the plaintiffs, Abraham and Geula Heyman (the "Heymans"), pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim that meets the pleading standards of Rules 8(a) and 9(b). The Heymans brought this action against their mortgage lender, Citi, asserting claims related to a modification of their mortgage. Finding the original complaint too generalized and conclusory to put the defendant on notice as to plaintiffs' claims, I dismissed it without prejudice. The Heymans have now filed an amended complaint, and Citi has again moved for dismissal. While the amended complaint is altered in certain respects, the defects in the original complaint—despite my fairly specific instructions for amending them—have gone largely uncorrected. The motion to dismiss the amended complaint will therefore be granted. I grant the motion with prejudice as to Count I and, as to the remainder, without prejudice to the filing of a motion to file a second amended complaint within 30 days. Familiarity with my earlier opinion is assumed, and this opinion should be read as a supplement to it.

1

## I.   BACKGROUND

The facts underlying the Heymans' original complaint were set forth in the Court's prior opinion. (*See* Dkt. No. 13 pp. 1-4.) For current purposes, I will briefly summarize certain relevant facts, as alleged in the amended complaint and taken as true for purposes of this motion. *See* pp. 5-6.

The Heymans obtained a mortgage loan from Citi to purchase their home. (Dkt. No. 21 ¶ 5) In November of 2012, they asked Citi to modify the terms of the loan. (Dkt. No. 21 ¶ 9) The Heymans allege that they were eligible to have their loan modified under the Home Affordable Modification Plan ("HAMP"), a federal program designed to help distressed homeowners avoid foreclosure. (Dkt. No. 21 ¶¶ 10-11) Under HAMP, participating lenders will modify the terms of loans for borrowers that meet certain criteria. The borrower and servicer enter into a "trial period" of three months or more, and if the borrower meets all of its obligations during the trial period, the proposed loan modification becomes effective.[1]

According to the Heymans, Citi first denied the plaintiffs' HAMP application without properly reviewing their documents. (Dkt. No. 21 ¶¶12-13) Around January 5, 2013, they reapplied, and in May 2013 Citi approved the Heymans for trial payments under HAMP. (Dkt. No. 21 ¶¶ 15, 19) The Heymans made an initial trial payment of $3,438.76. (Dkt. No. 21 ¶ 22-23) That payment was due June 1, 2013, but the Heymans made the payment before that date. Citi deemed this payment to be "too early" to be counted as a trial period payment, and apparently credited it as an ordinary monthly mortgage payment. (Dkt. No. 21 ¶¶ 23, 26) The Heymans later made three more payments, which were counted as trial payments. (Dkt. No. 21 ¶¶ 24, 28-29) In August 2013, Citi "offered a permanent modification to Plaintiffs." (Dkt. No. 21 ¶30) The Heymans appealed to Citi for more favorable modification terms and

---

[1]     *See Sinclair v. Citi Mortgage, Inc.*, 519 F. App'x 737, 738 (3d Cir. 2013); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 554 (7th Cir. 2012).

"again asked for HAMP." According to the Heymans, "Citi never changed its mind and never reviewed the appeal." (Dkt. No. 21 ¶¶ 39-40)

## A. The Original Complaint and Dismissal

The original complaint contained two counts: (1) wrongful collection practices and (2) fraud. Its first, prefatory paragraph also listed, without elaboration, a number of possible causes of action: "wrongful indebtedness, wrongful collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights and remedies." These, however, were not separately alleged or made the subject of separate counts. (Dkt. No. 1 ¶ 1) Even for the two identified counts, the complaint cited no statute or other source of law, leaving the reader to guess as to the nature of the claim.

Citi moved to dismiss the complaint on the grounds that these generalized and conclusory allegations did not meet the pleading standards of Rule 8(a) or Rule 9(b). (Dkt. No. 6) I agreed and dismissed the complaint without prejudice. (Dkt. Nos. 13-14) In doing so, I explicitly advised the Heymans and their counsel that any amended complaint must properly state the legal basis of each claim and also allege a factual basis for each claim. (Dkt. No. 13 p. 6)

## B. The Amended Complaint

The Heymans filed an amended complaint on October 21, 2014. (Dkt. No. 21) Like the original complaint, the amended complaint contains counts of (1) wrongful collection practices and (2) fraud. It retains the prefatory laundry list of claims ("wrongful indebtedness, wrongful collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights and remedies"); again, these are not broken out into separate counts or tied to any factual allegations. (*See* Dkt. No. 21 ¶1.) The amended complaint adds a third count for "Bankruptcy Violation." Like the original, the amended complaint cites no statute or other source of law for any of its claims.

3

Count One alleges that Citi engaged in wrongful collection practices. As in the original complaint, the Heymans allege that Citi "took a payment of $3,438.76 made as a trial payment and did not count it" as a trial payment but rather applied it to plaintiffs' pre-modification mortgage payments. (Dkt. No. 21 ¶ 52) The Heymans also add new allegations that Citi "called [the Heymans] more than five times a day and more than twenty times a week" and "sent threatening letters and emails" in aid of collection. (Dkt. No 21 ¶¶ 62-63)

Certain of the Count One allegations, although asserted under the heading of "Wrongful Collection Practice," seem to relate to fraud, so I summarize them under Count Two.

Count Two contains the Heymans' explicitly labeled "fraud" allegations. The amended complaint retains the original complaint's generalized allegations that Citi "knew or should have known it was providing a modification that Plaintiffs could not afford" and "failed to provide a HAMP permanent modification." (Dkt. No. 21 ¶¶ 67, 70) The amended complaint, however, supplemented those allegations as follows.

The Heymans allege that Citi "called [the loan modification] HAMP, even though it was not," because Citi "knew that Plaintiff would not pay an 'in house' or 'traditional' modification." (Dkt. No. 21 ¶¶ 55-56) Citi "knew or should have known" that plaintiffs would have rejected the modification if they were informed it was not a HAMP modification. (Dkt. No. 21 ¶ 69) Citi allegedly withheld this information in order to get the Heymans to agree to the modification. (Dkt. No. 21 ¶¶ 55, 57) Under a HAMP modification, the Heymans allege, their payments would have been lower and the terms of the permanent modification would have been more favorable. (Dkt. No. 21 ¶¶ 59-60)

Count II further alleges that Citi "knowingly and purposely" concealed from the Heymans that it used an overvalued estimate of their gross income to calculate the trial modification payments and that it did so "to defraud Plaintiff into paying the trial modification." (Dkt. No. 21 ¶¶ 65-66) They also allege that Citi did not disclose that it was amortizing the trial payments and permanent modification payments based on interest and penalties discharged by the

4

plaintiffs' bankruptcy. (Dkt. No. 21 ¶ 71) The Heymans allege that because of "Defendant's actions, lies, manipulations," they paid $15,000 to Citi that they would not have otherwise paid. (Dkt. No. 21 ¶ 74)

Count Three asserts a claim for "Bankruptcy Violation." The Heymans allege that Citi knew that their "unsecured debts, including the accrued interest from the underlying mortgage" had been discharged by their bankruptcy. Citi nevertheless "calculated the amortization of the trial payments and modification payments" based on those discharged debts. (Dkt. No. 21 ¶¶ 80-82) Citi "knowingly and purposely did not convey" to the Heymans that it included those discharged debts in the calculation, causing them to overpay Citi by $15,000. (Dkt. No. 21 ¶¶ 84-85)

There are no additional counts alleged in the amended complaint. The Heymans' motion papers, however, assert that they intend to allege a claim of unjust enrichment. (*See* Dkt. No. 23 pp. 10-11.)

Citi argues that the amended complaint should be dismissed with prejudice because it is nearly identical to the original and again lacks sufficient detail to substantiate the claims. (*See* Dkt. Nos. 22, 26.) The Heymans argue that they have properly pleaded all three enumerated counts in their amended complaint as well as a claim for unjust enrichment. (*See* Dkt. No. 23.)

## II.   DISCUSSION

### A. Count One - Wrongful Collection Practice

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The United States Court of Appeals for the Third Circuit has provided a three-step process for analyzing a Rule 12(b)(6) motion:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the

5

elements a plaintiff must plead to a state a claim for relief. *See* [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi,* 696 F.3d 352, 365 (3d Cir. 2012).

Despite some additions to their allegations, the amended complaint again fails to allege facts sufficient to raise a plausible claim of wrongful collection. Despite explicit instructions in my earlier opinion, the amended complaint still fails to state the legal basis of this claim. My prior opinion generously[2] hypothesized three possible sources of law: HAMP; the New Jersey Fair Debt Collection Practices Act ("New Jersey FDCPA"); and the federal Fair Debt Collection Practices Act ("federal FDCPA"). The Heymans do not dispute that HAMP is inapplicable because it does not provide for a private right of action. (*See* Dkt. Nos. 13 p. 5; 23 p. 11.) There is likewise no indication that the Heymans intend to assert a claim under the New Jersey FDCPA, N.J. STAT. § 45:18-1 *et seq*. They do not refer to that statute in their amended complaint,[3] and they do not allege that Citi is a "collection agency," to which the New Jersey statute exclusively applies.[4]

---

[2]     Because the Heymans have counsel, their complaint is not entitled to the liberal construction given *pro se* pleadings. *See, e.g., Giles v. Kearney,* 571 F.3d 318, 322 (3d Cir. 2009) (citing *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972)). Nevertheless, I have given it a very liberal interpretation, hypothesizing potential causes of action that have not been clearly alleged.

[3]     Nor do they cite it in their motion papers. The Heymans' opposition brief does refer in passing to a different New Jersey statute, the Fair Foreclosure Act (Dkt. No. 23 p. 12), but the significance of that single reference is difficult to ascertain. Regardless, as discussed at nn.5 & 8, *infra*, the Heymans cannot supplement their complaint through their briefing for purposes of opposing a 12(b)(6) motion.

[4]     This may be because, as explained in the prior opinion, Citi is a "bank," an entity explicitly excluded from the statute. *See* Dkt. No. 13 p. 5; *see also* N.J. STAT.

That leaves only the federal FDCPA. Though forewarned by my prior opinion, the Heymans have again failed to make any explicit reference to that statute in their amended complaint. The amended complaint, moreover, asserts only diversity jurisdiction, and does not allege that any federal question is presented.[5]

I will nevertheless assume that Count I is intended as a claim under the federal FDCPA.[6] Once again, however, the complaint fails to state a claim under that statute.

The federal FDCPA covers only "debt collectors": those who attempt to recover an amount owed to a third party. It does not cover "creditors": those who attempt to recover a debt on their own account. *See* 15 U.S.C. § 1692a(6)(A)( that the term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("The FDCPA's provisions generally apply only to 'debt collectors.' Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA.") (internal citations omitted); *Oppong v. First Union Mortg. Corp.*, 215 Fed. App'x 114, 118 (3d Cir. 2007) (the "definition of 'debt collector' excludes creditors who attempt to collect their own debts"). Congress's exclusion of

---

ANN. 45:18-6 (the Act "does not apply to ... a national bank, or any bank or trust company duly incorporated under the laws of this state").

[5]    My prior opinion noted that the original complaint invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 but not its federal question jurisdiction under 28 U.S.C. § 1331. In that opinion, I explicitly instructed counsel that "any amended complaint should state specifically the basis for federal jurisdiction." (Dkt. No. 13 p. 5 n.2) The amended complaint, however, contains a jurisdictional statement identical to that of the original complaint. (*See* Dkt. No. 21 ¶ 4.)

[6]    In their papers in opposition to this motion to dismiss, the Heymans for the first time state that they are relying on the federal FDCPA. (*See* Dkt. No. 23 pp. 9, 12) They also attach various documents to their brief. However, as noted in the prior opinion, on a motion to dismiss pursuant to Rule 12(b)(6), the Court does not consider after-the-fact allegations or exhibits attached to the motion papers when assessing the sufficiency of a complaint. *See Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations omitted). They would not change the result in any event.

creditors was intentional; it was based on the premise that "creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill." *Police*, 225 F.3d at 403 (quoting *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)); *see also* S. Rpt. No. 95-382, 95th Cong., 1st Sess., *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1696.[7]

The "debt collector" requirement and "creditor" exclusion were central to my dismissal of Count I of the original complaint. (*See* Dkt. No. 13 pp. 5-6) As explained in my prior opinion, the "debt collector" requirement is fundamental; to state a federal FDCPA claim, a complaint must adequately allege that the defendant is a debt collector. *Astarita v. Solomon & Solomon, PC*, 12-cv-5670, 2013 WL 1694807 at *2 (D.N.J. Apr. 18, 2013) ("[T]o state a claim under the FDCPA, a plaintiff must plead sufficient facts showing that...the defendant collecting the debt is a debt collector."); *Grant v. JPMorgan Chase Bank*, 12-cv-06248, 2013 WL 1558773 at *2 (D.N.J. Apr. 10, 2013).

The amended complaint does not respond to that dismissal by alleging that Citi is a third-party debt collector. Indeed, it reaffirms that Citi is in effect the lender or creditor. (Dkt. No. 21 ¶5 ("Defendant Bank financed Plaintiffs['] purchase of their home.")); *see McLaughlin v. HSBC Group*, No. 12-cv-7734, 2013 WL 6054815, at *3-4 (D.N.J. Nov. 15, 2013)(dismissing FDCPA claim where "the Amended Complaint itself confers creditor status on Defendants when it alleges that 'Plaintiffs obtained [the] mortgage from [them]'"). Instead, the amended complaint attempts to patch over the legal deficiency by alleging that Citi "*held itself out* as a Debt Collector" and *described* itself as a debt collector in disclaimers contained in phone calls and correspondence. (Dkt. No. 21 ¶¶ 43-46; emphasis added) These additions do not save Count I.

---

[7]      An entity that services the loan for the actual lender (setting aside the situation where an already-defaulted loan is referred to it for collection) is regarded as a creditor, not a debt collector. *See Stolba v. Wells Fargo & Co.*, No. 10-cv-6014, 2011 WL 3444078, at *2 (D.N.J. Aug. 8, 2011).

The Heymans do not contend that the Citi *is* a debt collector—only that Citi *warned the Heymans* that it was. As I read the FDCPA, however, it does not impose its burdens via estoppel; it requires that the defendant be a debt collector in fact. It states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Debt collectors are those "in any business the principal purpose of which is the collection of any debts … owed or due another." *Id.* § 1692a(6). The case law is generally in accord. *See, e.g., Barber v. Rubin Lublin,* LLC, No. 13-cv-975, 2013 WL 6795158, at *10 (N.D. Ga. Dec. 20, 2013) (dismissing claim because defendant was not a debt collector and noting that "[t]he relevant test of whether an entity is a debt collector under the FDCPA is whether the statutory definition applies, not whether the entity has ever stated in a document that it is a debt collector") (internal quotations omitted); *Garrett v. BNC Mortg., Inc.,* 929 F.2d 1120, 1127 (D. Colo. 2013)("[T]he fact that an entity identifies itself as a debt collector, or tells a consumer that it is attempting to collect a debt, is not sufficient on its own to bring that entity within the purview of the FDCPA."); *cf. Goodson v. Bank of Am., N.A.,* 600 F. App'x 422, 431-32 (6th Cir. 2015)(on summary judgment, considering whether a debt collector had been engaged in "debt collection activity," finding a FDCPA disclaimer "legally irrelevant" and noting that it "does not automatically trigger the protections of the FDCPA") (internal quotations and citations omitted). If an entity is not a debt collector, statements or disclaimers do not make it so, or bring it within the scope of the federal FDCPA.[8]

Count I must therefore be dismissed. In section II.E, *infra,* I discuss whether that dismissal should be with or without prejudice.

---

[8]     The papers do not disclose why (assuming it occurred) Citi would have identified itself as a debt collector. Possible explanations include an overabundance of caution, or overlawyering. For present purposes, it does not matter.

## B. Count Two - Fraud

Count II is entitled "Fraud." Though the amended fraud allegations are slightly improved, I still find them wanting.

A complaint alleging fraud, in addition to meeting the usual requirements of Rule 8(a) (*see* pp. 5-6, *supra*), must satisfy the heightened pleading requirements of FED. R. CIV. P. 9(b). A fraud complaint must "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). That heightened Rule 9(b) pleading standard requires the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotations and citation omitted). At a minimum, the plaintiff must provide one of two things: either

(1) "all of the essential factual background that would accompany 'the first paragraph of any newspaper story' - that is, the 'who, what, when, where and how' of the events at issue," *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)); or

(2) some "alternative means of injecting precision and some measure of substantiation into their allegations of fraud," *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786, 791 (3d Cir. 1984).

The purpose of Rule 9(b) is to "provide notice of the 'precise misconduct' with which defendants are charged and to prevent false or unsubstantiated charges." *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998) (internal citations omitted). It is in the nature of some frauds, however, that their details may remain concealed even at the time the complaint is filed. Courts should therefore "apply the rule with some flexibility and should not require plaintiffs to plead issues that may have been concealed by the defendants." *Id.*

The Heymans' amended complaint, like the original, does not specify the legal basis for their fraud claim. In my prior opinion, I hypothesized two possibilities: (1) common law fraud and (2) the New Jersey Consumer Fraud Act ("CFA"), N.J. STAT. ANN. § 56:8-1 *et seq*. So advised, the plaintiffs have failed to include in their amended complaint (or motion papers) any reference to the CFA. I am left to assume that a common law tort claim of fraud is intended.

The amended complaint retains the generalized statements of malfeasance presented in the original complaint. I found those statements insufficient under Rule 8(a) and 9(b) pleading standards. (*See* Dkt. No. 13 p. 8; No. 21 ¶¶ 72-73 (alleging that the defendant "took money from Plaintiffs under false pretenses" and "acted in bad faith."))

The amended complaint adds some more specific allegations. As noted above (pp. 4–5, *supra*), the fraud-related allegations are distributed over Counts One and Two, but I analyze them together here. There appear to be two strains to the fraud claim: an affirmative misrepresentation theory and an omission theory.

The misrepresentation theory of fraud is that Citi disguised a non-HAMP modification as a HAMP modification to entice the Heymans to agree to it. Citi "knew that Plaintiff would not pay an 'in house' or 'traditional' modification," so Citi "provided the modification and called it HAMP, even though it was not a HAMP modification." (Dkt. No. 21 ¶¶ 55-56) If the modification had been a true HAMP modification, say the Heymans, the trial payments would have been lower and the permanent modification offer would have been more to their liking. (Dkt. No. 21 ¶ 59)

The omission theory of fraud is that Citi intentionally overstated the Heymans' gross income when it calculated their modified payments, that Citi withheld this information from the Heymans, and that Citi did this intentionally "in order to defraud Plaintiff into paying the trial modification." (Dkt. No. 21 ¶¶ 64-69) The Heymans also weave their bankruptcy-related allegations (separately alleged in Count Three) into Count Two, alleging that Citi also "failed to let Plaintiffs know that it was amortizing the trial payments

11

and permanent modification payments based on accrued interest and penalties that was already discharged by Plaintiff's bankruptcy." (Dkt. No. 21 ¶ 71) Because of Citi's fraudulent behavior, the Heymans allegedly overpaid "more than $15,000 to Defendant." (Dkt. No. 21 ¶ 74) That $15,000 figure, also cited in Count Three, is not explained any further. (*See* Dkt. No. 21 ¶ 85.)

To state a claim for common law fraud by misrepresentation, a plaintiff must allege five elements: "(1) a material misrepresentation or omission of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity or knowing the omission to be material; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Cafaro v. HMC*, No. 07-cv-2793, 2008 WL 4224801, at *3 (D.N.J. Sept. 8, 2008) (citing *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610 (1997)). For an omission to have constituted fraud, the defendant must have had a duty to disclose the withheld information. *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F.2d 537, 546 (D.N.J. 2013) (citing *Perri v. Prestigious Homes, Inc.*, 2012 WL 95564, at *5 (N.J. Super. Ct. App. Div. Jan. 13, 2012); *see also Weintraub v. Krobatsch,* 64 N.J. 445, 455-56, 317 A.2d 68 (1974).

As to the misrepresentation theory, the amended complaint comes closer than the original complaint to alleging the required elements. It identifies a misstatement: that Citi, or someone at Citi, "called [the modification] HAMP, even though it was not." (Dkt. No. 21 ¶ 56) It alleges that Citi knew this was not truly a HAMP modification, but "disguised" its nature "for the intended purpose of soliciting money from Plaintiff." (Dkt. No. 21 ¶¶ 54, 57) Citi did this because it knew that the Heymans would not agree to a "traditional" modification. The Heymans allege that they "tr[ied] to comply with the alleged HAMP modification." (Dkt. No. 21 ¶ 58) From such facts a diligent reader might extract the implication that the misstatement was material, that Citi intended the Heymans to rely on it, and that they did rely. (Dkt. No. 21 ¶ 55) The amended complaint further alleges that HAMP trial payments would have been

lower and the proposed permanent modification more favorable. Though imprecise, this may be construed as an allegation of damages. (Dkt. No 21 ¶ 59)

Even viewed in a generous light, however, the allegations of the amended complaint fall short of stating a fraud claim. Particularly when viewed through the lens of Rule 9(b), they lack the necessary who, what, where, when, and how. Thus "FED. R. CIV. P. 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements." *Klein v. General Nutrition Co., Inc.*, 186 F.3d 338, 345 (3d Cir.1999); *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994).[9] Like the original complaint, the amended complaint fails to identify the speaker of the alleged misstatement. The only potentially relevant person identified is Patricia Ruiz, who is described as the "point of contact on the file" at Citi. (Dkt. No. 21 ¶ 16) Completely absent, however, are allegations about who uttered the alleged misstatement(s), what they said, when they said it, and where they said it. The allegation is simply that Citi, a corporate entity, misled the plaintiffs, presumably through some unspecified employee, by means of some unspecified statement(s), at some unspecified time and place.

The omission theory, too, lacks the specificity required by Rule 9(b). Its allegations fail to address an essential element: namely, that Citi had a duty to disclose the information it allegedly withheld (the amount of gross income and outstanding debts it used to calculate the Heymans' loan modification payments).[10] In any event, this omission theory depends to some degree on the

---

[9]  As explained in the prior opinion, where a plaintiff cannot be expected to have personal knowledge of certain details of the alleged fraud, the plaintiff must allege that the necessary information lies within the defendant's exclusive control, and provide some facts to establish the basis for that allegation. *See* Dkt. No. 13 p. 9 n.4; *Frederico*, 507 F.3d at 201 n.11. Here, the plaintiffs allege that misrepresentations were made directly to them; they provide no reason why they cannot allege the particulars.

[10]  Properly pleading that element might open up other issues, such as materiality and reliance (given that the Heymans presumably knew the amount of their income and debts, but accepted the terms of the trial modification and made payments pursuant to it). I do not reach such issues, but merely flag them for the parties.

misrepresentation theory, which is being dismissed. Presumably, the permissibility of the calculation of payments would depend on whether the workout was, or was supposed to be, under the HAMP program. So any amended version of the omission theory should be pleaded in the context of an amended misrepresentation theory.

In short, because certain elements of fraud are simply not alleged, and those that are alleged are not presented in sufficient detail to comply with Rule 9(b), Count Two will be dismissed.

## C. Count Three - Bankruptcy Violation

The amended complaint contains a new count, not alleged in the original complaint, opaquely titled "Bankruptcy Violation." Again, the complaint does not identify any source of law for the claim. The amended complaint alleges that the Heymans filed for bankruptcy and that "[a]ll of Plaintiff's unsecured debts, including the accrued interest from the underlying mortgage, were discharged." (Dkt. No. 21 ¶ 80) Citi allegedly "knew about the discharge" but intentionally incorporated this discharged interest obligation into the calculation of the modified payments, causing the Heymans to overpay Citi more than $15,000. (Dkt. No. 21 ¶¶ 82-85)

Citibank suggests that the Heymans may intend to assert a claim under the discharge provision of the Bankruptcy Code, 11 U.S.C. § 524. If so, there is a temporal problem with such a theory: Citi's trial modification had already been completed by August 2013, but the discharge of debts in bankruptcy did not allegedly occur until 2014. (Dkt. No. 21 ¶¶ 29-30, 79) More fundamentally, the theory is invalid as a matter of law; there is no separate right of action for a violation of the discharge-of-debts provision. *See In re Joubert*, 411 F.3d 452, 455-56 (3d Cir. 2005) (citing holdings of other circuits that there is no private right of action under § 524 in support of its holding that there is no private right of action under § 506); *Perkins v. AT&T Mobility, LLC*, 2011 U.S. Dist. LEXIS 16614, at *2 (D.N.J. Feb. 17, 2011)(because "there is no private right of

action for violation of [the discharge provision] ... [a] debtor's lone remedy is a contempt proceeding in bankruptcy court") (citing *Joubert*); *Owens v. JP Morgan Chase Bank*, No. 12-cv-1081, 2013 WL 2033149, at *5 (W.D. Pa. May 14, 2013)(noting that there is no private right of action under 11 U.S.C. § 524); *Henderson v. Weinstein & Riley, P.S., PC.*, No. 11-cv-2607, 2011 WL 6826117, at *2 (D.N.J. Dec. 27, 2011)(applying the reasoning of *Joubert* and the cases it relied upon and noting that "District Courts in this Circuit have ... concluded that no private cause of action exists pursuant to Section 524(a)(2)") (citing *Townsend v. M&T Mortg. Corp.*, No. 09-cv-1866, U.S. Dist. LEXIS 62331 at *9 (M.D. Pa. June 22, 2010)). In short, if the Heymans believe Citi has violated an order of the bankruptcy court, their remedy lies there, if anywhere. (*See* Dkt. No. 23 p. 14.))[11]

At any rate, the Heymans' allegations of "Bankruptcy Violation" are too vague to state a viable cause of action under the standards of Rules 8(a) and 12(b)(6). Count Three is dismissed for failure to state a claim.

---

[11]   The Heymans' motion papers (*See* Dkt. No. 23 p. 14), but not their complaint, cite 11 U.S.C. § 362(A)(1), which (to simplify) governs the automatic stay that attaches when a bankruptcy petition is filed:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(a)(1). The amended complaint, however, says nothing about the automatic stay. Rather, without specifying any statute, it repeatedly cites the 2014 "discharge" of debts in bankruptcy. At any rate, the plaintiffs do not specify how the modification of their payment terms would constitute a judicial or other proceeding that would violate the stay.

### D. Unjust Enrichment

In their briefing, the Heymans argue that they have sufficiently alleged a claim of unjust enrichment. The words "unjust enrichment," unexplained and unadorned, are embedded in a list in the prefatory paragraph 1 of the Complaint: "This matter is an Action for wrongful indebtedness, wrongful collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights and remedies...." (*See* Dkt. No. 1 ¶ 1.) They reappear in a similar list in the prayer for relief. The amended complaint, however, contains only the three counts discussed above; there is no separate count of unjust enrichment. And even on the unwarranted assumption that the complaint contains a claim for unjust enrichment, I would be constrained to dismiss it.

Under New Jersey law,[12] to establish unjust enrichment, a plaintiff must show (1) "that defendant received a benefit" and (2) "that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994) (internal citations omitted); *Alboyacian v. BP Prods. N. Am.*, 01-cv-5143, 2011 WL 5873039, at *4 (D.N.J. Nov. 22, 2011). The amended complaint does not contain such allegations. The closest the Heymans come to alleging unjust enrichment are their generalized allegations that they overpaid Citi as a result of fraud.

The Heymans attempt in their brief to bolster the claim of unjust enrichment. (*See* Dkt. No. 21 pp. 10-11.) But as discussed at nn. 2, 5, & 8, *supra*, and in the Court's previous opinion, a court considering a motion to dismiss will not consider allegations in the briefs, but only the allegations of the complaint (and any documents relied on in the complaint or attached thereto). (*See* Dkt. No. 13 pp. 8-9 n.3)

---

[12]     In their papers, the Heymans argue that they have sufficiently alleged a claim of unjust enrichment under New York law. (Dkt. No. 21 p. 8) Because they have not brought to the Court's attention any significant difference between New York and New Jersey law as to the elements of unjust enrichment, I do not perform a conflict of laws analysis.

This amended complaint falls far short of stating a claim for unjust enrichment. There is no such count; there is no statement of even the bare legal elements of such a claim; there is no connection drawn between the facts alleged and the elements of unjust enrichment. The claim of unjust enrichment, to the extent it was alleged at all, is dismissed.

## E. Dismissal With or Without Prejudice

Citi has argued that the Court should dismiss the Heymans' entire amended complaint with prejudice. I will dismiss Count I with prejudice. As to the remaining counts I will permit the Heymans to move for leave to submit a second amended complaint within 30 days.

Amendments are freely granted under FED. R. CIV. P. 15(a)(2), to ensure that plaintiffs' contentions are tested on the merits. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, an initial dismissal based on Rule 12(b)(6), applying the standards of Rules 8(a) and 9(b), will ordinarily be ordered without prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (where a complaint is dismissed on Rule 12(b)(6) grounds "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) ("[N]ormally, leave to amend is granted when a complaint is dismissed on Rule 9(b) failure to plead with particularity grounds.") (internal quotations omitted); 5A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1300 (3d ed.).

This of course is the second, not the first, dismissal of the Heymans' complaint (setting aside the new bankruptcy count). Where the plaintiff has already had two chances, it is easier for the court to conclude that further amendment would be futile. *See Vurimindi v. City of Philadelphia*, 521 F. App'x 62, 65 (3d Cir. 2013) (dismissal with prejudice was appropriate where "[t]he District Court provided [plaintiff] with multiple opportunities to amend his complaint and gave him specific instructions as to what must be included in

order to state a claim for relief," and he failed to do so); *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *see, e.g., McLaughlin*, 2013 WL 6054815 at *3-4 (dismissing FDCPA claim with prejudice because amendment would be "futile" where plaintiff's allegations made clear that defendant was a creditor and not a debt collector).

As to Count I, I am satisfied that any further attempt to amend would be futile as a matter of law. The amended complaint fails to allege that Citi is a "debt collector," an essential element of a cause of action under the federal FDCPA. That is no mere deficiency of pleading; the Heymans cannot allege that Citi is a debt collector, because that would contradict the central allegations of their complaint. The entire premise of their case is that the purchase of their home was financed by Citi as lender. Citi attempted to collect the loan on behalf of itself, not a third party. The complaint (in both its original and amended form) alleges this unequivocally and repeatedly. (*See* Dkt. Nos. 21 ¶¶ 5, 7, 19, 30; 1 ¶¶ 5, 7, 19, 27.) By statutory definition, Citi is a creditor, not a debt collector, and accordingly is not subject to the federal FDCPA. Because a second opportunity to amend would be futile, I will dismiss Count I, the wrongful collection claim, with prejudice.

As for Counts II and III, I will give plaintiffs one more chance. I will not, however, authorize an amended pleading in advance. I will dismiss these counts without prejudice to the submission of a motion for leave to amend within 30 days after the date of this Order. Any such motion shall be accompanied by a copy of the Heymans' proposed second amended complaint. I reiterate: any second amended complaint shall plead its causes of action in separate counts, shall identify the source of law upon which each count relies, and shall allege facts in support of each of the essential elements of each cause of action.

### III.   CONCLUSION

For the foregoing reasons, Citi's motion to dismiss the complaint is GRANTED. The Heymans' complaint will be DISMISSED: as to Count I, with prejudice; as to the remaining counts, without prejudice to the filing of a motion to file a second amended complaint within 30 days. An appropriate order is filed separately.


Dated: October 9, 2015
Newark, New Jersey

_____
**HON. KEVIN MCNULTY**
**United States District Judge**