**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ABRAHAM S. HEYMAN and GEULA HEYMAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITIMORTGAGE, INC.,**<br><br>Defendant. | Civ. No. 14-1680 (KM)<br><br>**MEMORANDUM OPINION AND ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

  Before the Court is the motion (ECF no. 36) of the plaintiffs, Abraham and Geula Heyman (the "Heymans"), to file a second amended complaint ("2AC"), pursuant to Fed. R. Civ. P. 15. The defendant, CitiMortgage, Inc. ("Citi"), has filed a letter response (ECF no. 37) on grounds of futility, arguing that the proposed 2AC would not withstand a motion to dismiss for failure to state a claim under the standards of Fed. R. Civ. P. 12(b)(6).

  I have filed two prior opinions and orders (ECF nos. 13/14, 27/29) dismissing the Heymans' complaint and first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Those two complaints failed to meet the most basic requisites of federal pleading. To the extent I could discern the claims being asserted, I necessarily dismissed them. My second opinion, dated October 9, 2015, granted the Heymans leave to file a motion for leave to file a second amended complaint within 30 days. Through their then-counsel, David M. Schlachter, Esq., they did so. (ECF no. 30). The Heymans then changed counsel; currently appearing on their behalf is Elizabeth Tandy Foster, Esq. Ms. Foster sought and received leave to withdraw her predecessor's motion to file a second amended complaint and to file a substitute motion. (ECF no. 35)

1

That substitute motion, filed on December 8, 2015, is the one currently before the Court.

The proposed 2AC (ECF no. 36-2, with exhibits, ECF nos. 36-3, 36-4) on its face remedies some of the failings of the prior two. For one thing, it is divided into defined causes of action, and it alleges the essential elements of each. The claims are: Count I (New Jersey Consumer Fraud Act); Count II (Promissory Estoppel); Count III (Conversion); Count IV (Negligent Misrepresentation); Count V (Breach of Contract); Count VI (Unjust Enrichment); Count VII (Slander of Title); Count VIII (RESPA Violation).

The facts on which these claims are based are apparent. (I summarize 2AC ¶¶ 4–48.) The Heymans took out an adjustable rate mortgage on their home in the amount of $460,000. By 2012, the adjustment to the rate made the mortgage unaffordable for them. Through counsel, they sought to negotiate with the lender, defendant Citi. A Citi employee, Patricia Ruiz, asked them to provide documentation for a HAMP modification. The Heymans acknowledge that their loan might not have been eligible for that program, but Citi nevertheless led them to believe that a HAMP modification was being considered.[1] The 2AC attaches the correspondence on which the Heymans base these factual claims.

Citi placed the Heymans on a TPP (trial payment plan), to consist of four monthly payments. The first payment, in May 2013, was for $3500. The Heymans believe it should have been considered part of the TPP, but Citi took the position that the TPP had not yet begun. Thereafter, the Heymans made four more TPP payments (the fourth under protest).

---

[1] The Home Affordable Modification Plan ("HAMP") is a federal program designed to help distressed homeowners avoid foreclosure. Under HAMP, participating lenders will modify the terms of loans for borrowers that meet certain criteria. The borrower and servicer enter into a "trial period" of three months or more, and if the borrower meets all of its obligations during the trial period, the proposed loan modification becomes effective. See Sinclair v. Citi Mortgage, Inc., 519 F. App'x 737, 738 (3d Cir. 2013); Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 554 (7th Cir. 2012).

2

Citi offered a modification. It was based on an overestimate of the Heymans' income. It did not conform to HAMP guidelines, most particularly because it did not lower payments to 31% of the Heymans' gross income, was at an interest rate of 5.25%, rather than 2%, and did not include a waiver of late fees/interest. There was also some confusion about the principal amount. The Heymans estimate that the excess payments they made in reliance on Citi's promise of a HAMP modification totaled $15,000.

The Heymans declared bankruptcy, Case no. 13-32151. As of March 5, 2014, their unsecured debts, including mortgage debt in excess of the value of the property, were discharged. Post-bankruptcy, Citi allegedly continued to charge for late fees that had been the subject of the automatic stay. This discharge of debts and stay of late fees may be the basis of the allegation that Citi "tried to add on this more than $200,000 to the modification."

The 2AC is clear enough. It is possible to discern the nature of the claims from the allegations and supporting exhibits. The allegations may or may not be proven; the sufficiency of the Heymans' legal theories remains to be established. I will, however, grant the motion and direct plaintiffs to sign and file the proposed second amended complaint.

I have considered the 2AC under a Rule 12(b)(6) standard. Citi may wish to consider simply answering it so that the parties may engage in discovery and position this becalmed case for summary judgment.

### ORDER

For the reasons stated above,

IT IS this 22d day of September, 2016

ORDERED that the motion (ECF no. 36) for leave to file the second amended complaint is GRANTED. Plaintiffs are directed to sign and file the proposed 2AC that is now, unsigned, at ECF nos. 36-2, 3, & 4.

**HON. KEVIN MCNULTY**
**United States District Judge**