UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABRAHAM S. HEYMAN and GEULA HEYMAN,<br><br>**Plaintiffs,**<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>**Defendant.** | Civ. No. 14-1680-KM-MAH<br><br>**OPINION & ORDER** |

Plaintiffs, by this motion (DE 130), seek reconsideration of this Court's Opinion (DE 128) and Order (DE 129) granting summary judgment to CitiMortgage, Inc. I write for the parties and do not repeat my prior analysis; familiarity with the matter is assumed.

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, No. 3-cv-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*,

1

No. 7-cv-5938, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Under those well established standards, this motion must be denied. For the most part, it simply recapitulates the arguments that the Court considered and rejected. Nothing therein relates to any fact or argument that was not, or could not have been, asserted in opposition to the original motion.

1. Objection to Declaration of Pamela Farmer. These objections were raised, but rejected. (Op. 27–30)
2. $5,000 short sale contribution. Plaintiffs now argue that requiring such a payment violated the New Jersey Consumer Fraud Act. The earlier opinion discussed the $5,000 contribution (Op. 9 & n.6), but not specifically in relation to the CFA, because I did not perceive the plaintiffs to be pressing that as an argument. (*See* Op. 60–61)
3. "Investor Guidelines." This argument was thoroughly discussed and rejected, in that it misinterpreted the PSA. (Op. 17–18 & n.18).
4. Income Ratio of 31%. This was thoroughly discussed in the opinion. In their motion for reconsideration, the plaintiffs still decline to cite any evidence of what their actual income was—a fact within their control, which they were invited to furnish, at oral argument and otherwise—if it was not the $11,000 monthly figure contained in Citi's documents. (Op. 45–47)
5. The extra TPP payment. This fact was found in plaintiffs' favor, but the court reasoned that it was not of consequence to the claims. (Op. 13–16)
6. Internet articles from 2011–12 about Citi's mortgage practices. These do not relate in any direct way to the merits of the plaintiffs' claims here, and would not alter the result.

**ORDER**

The plaintiffs' motion for reconsideration (DE 130) is DENIED. The clerk shall reclose the file.

_____
**KEVIN MCNULTY**
**United States District Judge**